2011-02088
FILED
February 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003265522

1  BRAD A. MOKRI, SBN: 208213
   JENNIFER N. HUPE, SBN: 256009
2  LAW OFFICES OF MOKRI & ASSOCIATES
   1851 E. First Street, Suite 900
3  Santa Ana, California 92705
   Telephone No.: (714) 619-9395
4  Facsimile No.: (714) 619-9396
5
   Attorney for Plaintiff
6  HERITAGE PACIFIC FINANCIAL LLC.
7
8
           UNITED STATES BANKRUPTCY COURT
9            EASTERN DISTRICT OF CALIFORNIA
              SACRAMENTO DIVISIONAL OFFICE
10
11 In Re:                              ) Chapter 7
                                       ) Bankruptcy No. : 2:10-bk-47115
12 YAZMIN GONZALEZ                     ) Adversary Case No.:
                                       )
13         Debtor.                     )
                                       )
14 _____)
                                       ) PLAINTIFF'S COMPLAINT TO
15 HERITAGE PACIFIC FINANCIAL, LLC.    ) DETERMINE DISCHARGEABILITY OF
   D/B/A HERITAGE PACIFIC FINANCIAL, a ) DEBT
16 Texas Limited Liability Company,    )
                                       ) [11 U.S.C. §523(a)(2)(A); 11 U.S.C.
17         Plaintiff,                  ) §523(a)(2)(B)]
                                       )
18      vs.                            )
                                       )
19 YAZMIN GONZALEZ                     ) DATE: See Summons
                                       )
20         Defendant.                  )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23                                     )
                                       )
24 _____)

            **COMPLAINT TO DETERMINE THE**
25     **DISCHARGEABILITY OF DEBT AND FOR JUDGMENT**
26
       Plaintiff, through its attorney, Brad A. Mokri, of Law Offices of Mokri & Associates,
27
   states as follows:
28

---

PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

- 1 -

- 2

## PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Heritage Pacific Financial, LLC. dba Heritage Pacific Financial pursuant to 11 U.S.C. § 523.

2. Defendant filed a Chapter 7 bankruptcy petition on October 12, 2010. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. § 523; this matter is a core proceeding.

4. Plaintiff is a creditor of defendant. Plaintiff is the assignee and current owner and/or holder of Defendant's loan and related mortgage note.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes, and thereon alleges that in an effort to obtain funds to purchase and/or refinance a property, Defendant completed, or caused to have completed on her behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein.

6. Defendant obtained loans evidenced by promissory notes executed by Defendant. Plaintiff is the true and current owner and holder of Defendant's loan and related promissory note. A true and correct copy of the Note is attached as **Exhibit "B"** and incorporated by reference herein.

7. Defendant certified the accuracy of the information contained in the Loan Application and expressly consented to the verification and re-verification of the information contained therein.

8. Among other information required to be certified, and in fact certified, by Defendant on the Loan Application, was information regarding Defendant's current employer, gross monthly income, and intent to use the property securing the loan as Defendant's primary residence.

6. PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

- 2

9.  Defendant knew that her then-current income was insufficient to obtain the loans, and in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant provided, prepared, or caused to be prepared, a Loan Application which materially misstated Defendant's employment, income and/or intended use of the property as a primary residence; and caused Defendant's agent to submit to the lender a materially false Loan Application and other materially false documents related thereto.

10. Plaintiff is informed, believes, and thereon alleges that Defendant directed, instructed, and caused to have her materially false Loan Application and supporting documentation transmitted to Defendant's lender knowing that the information in the Loan Application and supporting documentation was materially false.

11. The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in and in conjunction with the Loan Application was false. In reliance on the information and documentation provided by Defendant, the lender approved Defendant's Loan Application.

12. Defendant executed a promissory note in favor of the lender, pursuant to which Defendant agreed and promised to repay the loan according to the terms of the promissory note. The proceeds of the loan, as stated in the promissory note, were to be used to purchase and/or refinance the property securing the promissory note.

13. The lender fully performed, including by disbursing the loan proceeds to Defendant. The lender and/or its assignees duly assigned Defendant's loan and promissory note to Plaintiff, who is currently the owner and holder of Defendant's loan and promissory note.

14. Defendant defaulted on her payment obligations and obligation to re-verify the information contained in the Loan Application despite the Plaintiff's request therefore.

15. Plaintiff is informed, believes, and thereon alleges that in applying for the loan, the Defendant knowingly misstated her monthly income on her Loan Application and concealed her true income. Plaintiff is further informed and believes that the Defendant knowingly misstated the status of her employment on the Loan Application and concealed her true employment status.

PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

- 3 -

Plaintiff is further informed and believes that Defendant misrepresented her residency such that the property securing the loan was not Defendant's primary residence, and concealed her true residency status.

16. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

17. Plaintiff is not barred from pursuing this action by any anti-deficiency statute or rule. Plaintiff does not seek a deficiency judgment for the balance of a promissory note following foreclosure, but rather seeks a judgment for Defendant's fraud in connection with their loan application, as alleged herein. Plaintiff has attempted to resolve this matter prior to filing this complaint by contacting Defendant.

## FIRST CLAIM FOR RELIEF

### False Pretenses, False Representation or Actual Fraud

### [11 U.S.C. § 523(a)(2)(A)]

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, above.

19. In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $61,416.64 including interest as of the date the bankruptcy petitioner was filed.

20. Defendant obtained the money by false pretenses, a false representation and actual fraud by misrepresenting that the money obtained for the purpose of purchasing a property for her primary residence. Defendant misrepresented her intended use of the property as her primary residence as the property was being purchased for another individual.

21. The lender did not know, and had no reason to know, that defendant misrepresented her intended use of the property and in reliance on the information approved the loan.

22. At the time of obtaining the money from the lender execution of the loan, Defendant failed to disclose to Lender that she did not and would not use the property as her primary residence. Lender justifiably relied on Defendant's representation and paid money for the purchase of a primary residence.

23. By reason of the foregoing, Defendant obtained money from the lender through false pretenses, false representations and actual fraud. Defendant's actions constitute material misrepresentations of the facts. Defendant intended for the lender to rely on the misrepresentation.

24. Lender reasonably relied upon Defendant's misrepresentations and was induced to lend money to Defendant by those misrepresentations.

25. Within the three years prior to the filing of this Complaint, through its independent investigation and collection attempts, Plaintiff discovered that the representations made on Defendant's Loan Application were false.

26. As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $61,416.64 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(A), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $61,416.64 plus interest and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

### Use of False Statement in Writing

### [11 U.S.C. § 523(a)(2)(B)]

27. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25, above.

28. In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed.

PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

-5-

A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $61,416.64 including interest as of the date the bankruptcy petitioner was filed.

29. In an effort to obtain the funds, Defendant caused to have completed on her behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which Defendant executed and signed.

30. On the Uniform Residential Loan Application, Defendant certified the accuracy of the information contained therein including but not limited to financial condition of Defendant and consented to the verification and re-verification of the information contained therein.

31. Among the information provided and certified by Defendant in her Uniform Residential Loan Application, Defendant was required to certify information regarding her current employer, statements of her gross monthly income, and to certify that her intended to use the loan proceeds to purchase real property which Defendant intended to use as her primary residence.

32. In furtherance of her effort, because Defendant knew that her then current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant:

    a) Provided, prepared, caused to be prepared, false loan applications, which misstated her employment, income and/or intended use of the property as a primary residence;

    b). Certified a false loan application, which misstated her employment income and/or intended use of the property as a primary residence; and

    c). Caused her agents to submit to lenders a false loan application and other loan related documents

33. The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in, and in conjunction with, her loan applications was

PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

- 6 -

false, and in reliance on the information and documentation provided by Defendant to the lender therein approved the loan.

34. Defendant executed a promissory note in favor of her initial lender, its successors, transferees, and assigns. In the loan application Defendant expressly represented to the original lender and to its successor in interest the accuracy of the information.

35. The proceeds of the loan, as referenced in the promissory note, were to be used by Defendant in the purchase or refinance of the property described therein. In exchange, Defendant agreed and promised to pay according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

36. Lender fully performed, and Defendant acquired title to the property. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

37. Defendant has defaulted on her obligations to pay and to re-verify the information contained in the Uniform Residential Loan Application. Despite Plaintiff's attempts to secure information from Defendant to re-verify the information contained in her loan application, Defendant has failed and/or refused to comply with Plaintiff's requests.

38. Within the three years prior to the filing of this Complaint, through its independent investigation and collection attempts, Plaintiff discovered that the representations made on Defendant's Loan Application were false.

39. By reason of the foregoing, Defendant obtained money by using a statement in writing that falsely represented Defendant's financial condition on which the lender relied on. Defendant submitted the loan application with the intent to deceive the lender. Defendant, therefore, had a specific intent to defraud her lender.

40. Defendant's actions constitute material misrepresentations of the facts. Defendant intended for her ender to rely on those misrepresentations. Lender did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations. Lender reasonably relied on Defendant's misrepresentations.

**PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

41.  As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $61,416.64 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(B), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $61,416.64 plus interest and reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.  A monetary judgment against Defendant in the amount of $61,416.64, plus accrued interest at the contractual rate, plus, additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2.  An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2)(A) and (B);

3.  An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4.  An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated: February 4, 2010

Respectfully Submitted,

**LAW OFFICES OF MOKRI & ASSOCIATES**

By: /S/ BRAD A. MOKRI
Brad A. Mokri
Attorney for Plaintiff
Heritage Pacific Financial, LLC.
dbaHeritage Pacific Financial

---

PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

_Yazmin Gonzalez_ [signature]
Borrower                                                                Co-Borrower

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☑ Conventional  ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | ☐ FHA  ☐ USDA/Rural Housing Service | | |

| Amount | Interest Rate | No. of Months | Amortization Type: | ☑ Fixed Rate | ☐ Other (explain): |
|---|---|---|---|---|---|
| $ 61,580 | 12.050 % | 360/360 | | ☐ GPM | ☐ ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state, & ZIP) — Yuba City, CA 95993   County: Sutter
No. of Units: 1

Legal Description of Subject Property (attach description if necessary)
Please see preliminary title report.
Year Built: 1983

Purpose of Loan: ☑ Purchase  ☐ Construction  ☐ Other (explain):
☐ Refinance  ☐ Construction-Permanent

Property will be: ☑ Primary Residence  ☐ Secondary Residence  ☐ Investment

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements   ☐ made  ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost: $ |

Title will be held in what Name(s): Yasmine Gonzalez

Manner in which Title will be held: A Married Woman as Her Sole and Separate Property

Estate will be held in:
☑ Fee Simple
☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| Yazmin Gonzalez | |

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|
| ███████8073 | | ████1986 | 13 | | | | |

| ☑ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower) no. 1  ages 1 | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower) no.  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☐ Own  ☑ Rent  2.1 No. Yrs. | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|
| ████████████  Biggs, CA 95917 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|
| ████████  Biggs, CA 95917 | |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|
| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |

Fannie Mae Form 1003  07/05
CALYX Form Loanapp1.frm 09/05

Page 1 of 5

Borrower   _YG_
Co-Borrower

Freddie Mac Form 65  07/05

**EXHIBIT A**

| Borrower | IV. EMPLOYMENT INFORMATION | Co-Borrower | |
|---|---|---|---|
| Name & Address of Employer ☑ Self Employed | Yrs. on this job: 2 yr(s) 8 mth(s) | Name & Address of Employer ☐ Self Employed | Yrs. on this job |
| ▓▓▓▓▓▓▓▓▓ Biggs, CA 95917 | Yrs. employed in this line of work/profession: 2.8 | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business: Caterer | Business Phone (incl. area code) ▓▓▓-▓▓▓-▓▓▓▓ | Position/Title/Type of Business | Business Phone (incl. area code) |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

(additional employment fields — all blank)

### V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 5,000.00 | $ | $ 5,000.00 | Rent | $ 1,200.00 | |
| Overtime | | | | First Mortgage (P&I) | | $ 1,539.50 |
| Bonuses | | | | Other Financing (P&I) | | 635.79 |
| Commissions | 2,300.00 | | 2,300.00 | Hazard Insurance | | 71.84 |
| Dividends/Interest | | | | Real Estate Taxes | | 320.73 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 7,300.00 | $ | $ 7,300.00 | Total | $ 1,200.00 | $ 2,567.86 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income — Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

Fannie Mae Form 1003  07/05
CALYX Form Loanapp2.frm 05/05

Page 2 of 5    Borrower ▓▓▓    Co-Borrower ____

Freddie Mac Form 65  07/05

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed [✓] Jointly   [ ] Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| | | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| Cash deposit toward purchase held by: | $ | | | |
| Cash | 1,700 | | | |
| List checking and savings accounts below | | Name and address of Company<br>SIERRA CENTRAL CREDIT | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union<br>Biggs, CA 95917 | | | | |
| | | Acct. no. | 492/68 | 27,416 |
| Acct. no. | $ 6,200 | Name and address of Company<br>LYNN HAVEN, FL 32444 | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union<br>Biggs, CA 95917 | | | | |
| | | Acct. no. | 95/159 | 7,441 |
| Acct. no. | $ 500 | Name and address of Company<br>BUTTE FEDERAL CR UN | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | 92/0 | 767 |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | $ | | | |
| Stocks & Bonds (Company name/number description) | $ | | | |
| | | Acct. no.<br>Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | | | |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $ 8,400 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | |
| Automobiles owned (make and year)<br>2004 Ford F150<br>1989 Chevrolet S10 | $ 28,000<br>1,500 | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 679 | |
| Total Assets a. | $ 37,900 | Net Worth (a minus b) => $ 2,276 | Total Liabilities b. | $ 35,624 |

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

Alternate Name         Creditor Name         Account Number

Fannie Mae Form 1003 07/05
CALYX Form Loanapp3.frm 08/05

Page 3 of 5

Borrower _VG_
Co-Borrower _____

Freddie Mac Form 65 07/05

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 307,900.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | |
| f. Estimated closing costs | |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 307,900.00 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) Cash Deposit | 2,000.00 |
| New First Mortgage | 246,320.00 |
| New 1st Mtg Closing Costs | -363.19 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 61,580.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 61,580.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | -1,636.81 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes/No | Co-Borrower Yes/No |
|---|---|---|
| a. Are there any outstanding judgments against you? | No | |
| b. Have you been declared bankrupt within the past 7 years? | No | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | No | |
| d. Are you a party to a lawsuit? | No | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | No | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | No | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | No | |
| h. Is any part of the down payment borrowed? | No | |
| i. Are you a co-maker or endorser on a note? | No | |
| j. Are you a U.S. citizen? | Yes | |
| k. Are you a permanent resident alien? | No | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | Yes | |
| m. Have you had an ownership interest in a property in the last three years? | No | |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature X _Maymur Morales_ | Date 12-11-06 | Co-Borrower's Signature X | Date |
|---|---|---|---|

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | | CO-BORROWER | ☐ I do not wish to furnish this information | |
|---|---|---|---|---|---|
| Ethnicity: | ☑ Hispanic or Latino | ☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | ☐ Asian   ☐ Black or African American | Race: | ☐ American Indian or Alaska Native | ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | ☑ White | | ☐ Native Hawaiian or Other Pacific Islander | ☐ White |
| Sex: | ☑ Female | ☐ Male | Sex: | ☐ Female | ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) Joseph Sullivan | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | | |
| ☑ Face-to-face interview | Interviewer's Signature _Joseph Sull_ | Date 12/11/06 | |
| ☐ Mail | | San Jose, CA 95112 |
| ☐ Telephone | Interviewer's Phone Number (incl. area code) | |
| ☐ Internet | | |

Fannie Mae Form 1003  07/05
CALYX Form Loanapp4.frm 09/05

Page 4 of 5

Freddie Mac Form 65  07/05

Loan Number: ~~0407053110-8500~~

# FIXED RATE NOTE

January 4, 2007
(Closing Date)

Orange
(Closing City)

California
(Closing State)

1214 JOHNATHAN DRIVE, YUBA CITY, CA 95993
(Property Address)

1. **BORROWER'S PROMISE TO PAY**
   In return for the loan that I have received today, I (Borrower(s)) promise to pay U.S. $ 61,580.00 (this amount is called "principal"), plus interest as set forth herein, to the order of the Lender. The Lender is
   Argent Mortgage Company, LLC

   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 12.050 %. The interest rate required by this Section 2 is the rate I will pay before and after any default described in Section 6(C) of this Note.

3. **PAYMENTS**
   I will pay principal and interest by making payments each month of U.S. $ 635.80
   I will make my monthly payments on the first day of each month beginning on March 1, 2007
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note and the Deed of Trust I have executed today which secures this Note. My monthly payments will be applied to interest before principal.
   If, on February 1, 2037  I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my payments at: 505 City Parkway West, Suite 100, Orange, CA 92868

   or at a different place if required by the Note Holder.

4. **BORROWER'S RIGHT TO PREPAY**
   I may repay this Note at any time without a penalty.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charges shall be reduced by the amount necessary to reduce the interest, loan charges or fees to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   (A) **Late Charges for Overdue Payments**
   If the Note Holder has not received the full amount of any monthly payment by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
   (B) **Notice from Note Holder**
   If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. The date of default must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered me.
   (C) **Default**
   If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
   (D) **Payment of Note Holder's Costs and Expense**
   If the Note Holder requires me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extend not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Initials: VG



## 7. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same as the Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without the Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender, if exercise is prohibited by Federal law as of the date of the Security Instrument.

If Lender exercises this option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

## 8. BORROWERS WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); and (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 9. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered to me at a different address if I give the Note Holder a written notice of my different address. Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a written notice of that different address.

## 10. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to pay the full amount owed and to keep all of the promises made in the Note. Any guarantor, surety or endorser of this Note (as described in section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in the Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

NOTICE TO BORROWER
Do not sign this Note if it contains blank spaces.

WITNESS THE HAND(S) OF THE UNDERSIGNED.

_____ -Borrower
YAZMIN GONZALEZ

_____ -Borrower

PAY TO THE ORDER OF HERITAGE PACIFIC FINANCIAL
WITHOUT RECOURSE
ARGENT MORTGAGE COMPANY, LLC

BY: _____  -Borrower
SAM MARZOUK, PRESIDENT

BY: _____  -Borrower
GREGORY E. HANSON, CFO